UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **MICHAEL THEROUX,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 25-40079-MRG |
| ) | |
| **MASSACHUSETTS DEPARTMENT OF** ) | |
| **CORRECITON, et al.,** ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**
September 24, 2025

**GUZMAN, D.J.**

Plaintiff Michael Theroux ("Theroux" or "plaintiff"), now residing in Boston, Massachusetts, brings this action under 42 U.S.C. § 1983 and the Americans with Disabilities Act, alleging that while confined to the North Central Correctional Institution in Gardner, Massachusetts ("NCCI Gardner"), plaintiff's constitutional rights were violated by the correctional defendants.

For the reasons set forth below, the Court will grant the motion for leave to proceed *in forma pauperis* and deny without prejudice the motion to appoint counsel. If Theroux wishes to proceed with this action, Theroux shall file an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure and that states a claim upon which relief may be granted.

**I.      Motion for Leave to Proceed** *in Forma Pauperis*

Upon review of plaintiff's financial disclosures, the Court finds that plaintiff lacks sufficient funds to pay the filing fee. The motion for leave to proceed *in forma pauperis* is GRANTED.

II.    **Screening of the Complaint**

Federal law authorizes a federal court to dismiss an in forma pauperis complaint sua sponte if the claims therein are frivolous, malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In conducting this review, the Court must treat all *factual* allegations as true, but the Court is not required to accept *legal conclusions* as true. *Id.* at 678.

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction ... a short and plain statement of the claim showing that the pleader is entitled to relief; and ... a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3). A plaintiff's complaint need not provide an exhaustive factual account, only a short and plain statement. Fed. R. Civ. P. 8(a). This statement must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'" *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). It must afford the defendants a "[']meaningful opportunity to mount a defense,'" *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)). The "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's

state of mind, can be averred generally." *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004).

In addition, the claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Because it promotes clarity, "each claim founded on a separate transaction or occurrence. . . must be stated in a separate count." *Id.*  In essence, the complaint must <u>succinctly</u> set forth as to each defendant what he claims they did (or failed to do), where it occurred, when it occurred, and the relief he seeks as to each defendant.  Put another way, a complaint must clearly identify the claims and relief Theroux seeks as to each defendant, and provide sufficient factual bases for each of the elements of the claims that he asserts.  The caption must identify all defendants. Fed. R. Civ. P. 10(a).

The Court liberally construes the complaint because plaintiff is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### III.     Discussion

Although Theroux is self-represented and the complaint is understandable, it fails to comply with the pleading requirements of the Federal Rules of Civil Procedure.  In the complaint, Theroux generally describes how  "[p]laintiff has been subjected to systemic sexual abuse, retaliation, and deliberate indifference from 2021 through 20204 while confined at NCCI Gardner.  ECF No. 1 at 1.  The defendants, more than a dozen, are identified in the case caption of the complaint.  *Id.*

Plaintiff's claims are primarily asserted collectively against the defendants and it is virtually impossible to cull out the causes of action asserted against each of the defendants separately.  Further, plaintiff makes bald assertions that the defendants violated plaintiff's rights, but apart from these assertions Theroux does not clearly link specific factual allegations of

wrongdoing against each defendant. Rather, these assertions are generalized and made as part of a general description of her claims. At this stage, it is simply unfair to require the defendants to respond to the complaint in its current form. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir. 1988); *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (defendants cannot be expected to respond to pleadings that are prolix and confusing as to what the claims are and against whom).

Accordingly, to the extent plaintiff wishes to proceed, plaintiff shall file an amended complaint. The amended complaint – a new stand-alone document – must set forth plausible claims upon which relief may be granted. In preparing the amended complaint, plaintiff shall identify the basis for this Court's jurisdiction and shall specifically the specific federal statutes and/or provisions of the United States Constitution that are at issue. Plaintiff should not set forth claims in a narrative format. Rather, any amended complaint should, in sequentially numbered paragraphs, focus on the legal claims separately against each defendant, along with the basis for such claims. The amended complaint must include separate counts each supported by factual allegations. The amended complaint should not assert multiple causes of action against a defendant in one count. Rather, each count should identify separately each cause of action and the grounds therefore. For example, just listing the counts at the end of the complaint is insufficient pleading.  If an amended complaint is filed, it will be further screened.

### III.    Conclusion

In accordance with the foregoing, the Court hereby orders:

1. The motion for leave to proceed *in forma pauperis* is GRANTED.

2. The motion to appoint counsel is DENIED without prejudice.

3.    If plaintiff wishes to proceed with this action, plaintiff must file an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure and that states a claim upon which relief may be granted.  Failure to do so within forty-two (42) days may result in dismissal of this action.

**So Ordered.**

                                          /s/ Margaret R. Guzman
                                        MARGARET R. GUZMAN
                                        UNITED STATES DISTRICT JUDGE

Dated:  September 24, 2025